■ VIJWANTIE TZANETATOS, Respondent, v JOHN C. SCOTT et al., Defendants, and PAUL W. FRIEARY, Appellant. [659 NYS2d 438] —Order, Supreme Court, Bronx County (Luis Gonzalez, J.), entered April 17, 1996, which denied defendant-appellant's motion to dismiss the action as against him for failure to state a cause of action, unanimously affirmed, with costs.

Defendant-appellant was the attorney for the sellers in a real estate transaction, and, in connection therewith, was given part of the down payment to hold in escrow under a standard residential contract of sale. Paragraph 6 (a) provides as here pertinent that if closing does not occur and one of the parties demands delivery of the down payment, the escrowee is to give prompt notice of that demand to the other party, and that "[i]f Escrowee does not receive Notice of objection from such other party to the proposed payment within 10 business days after the giving of such Notice, Escrowee is hereby authorized and directed to make such payment." Paragraph 25 of the contract provides that notices shall be in writing and either sent by registered or certified mail, "or (b) delivered in person or by overnight courier, with receipt acknowledged, to the respective addresses given in this contract for the party and the Escrowee". Appellant admits receiving timely, personal delivery of plaintiff purchaser's notice of objection to release of the down payment, but argues that the notice was defective, and that his release of the funds was therefore proper, because he

did not give plaintiff a receipt acknowledging delivery of the notice. This argument is without merit. The requirement that the recipient of a notice give a receipt to the deliverer was obviously intended not as a condition precedent to the validity of the notice but as protection for the deliverer, against a recipient's denial of timely delivery. It cannot be used by the recipient to deny the validity of a proper notice that was in fact timely delivered. Concur—Ellerin, J. P., Wallach, Nardelli, Rubin and Mazzarelli, JJ.